IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-206-BO
No. 5:18-CV-294-BO

| | |
|---|---|
| SAMUEL WAYNE HILL,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)     **O R D E R**<br>)<br>)<br>)<br>) |

This cause comes before the Court on petitioner's corrected motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 381]. Respondent has moved to dismiss the Section 2255 petition. [DE 385]. These matters are ripe for disposition. For the reasons discussed below, respondent's motion to dismiss [DE 385] is GRANTED, and petitioner's corrected Section 2255 motion [DE 381] is DISMISSED.

## BACKGROUND

In 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to knowingly and intentionally manufacturing, distributing, and possessing with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. [DE 191]. In his plea agreement, petitioner acknowledged "that the sentence ha[d] not yet been determined, that any estimate of the sentence received from any source [was] not a promise, and that even if a sentence up to the statutory maximum [was] imposed," petitioner could "not withdraw the plea of guilty." [DE 191, p. 6]. Petitioner also agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon ineffective assistance of counsel or prosecutorial

misconduct." [DE 191, p. 1–2].

In November 2015, Judge Fox sentenced petitioner to 480 months' imprisonment, a lifetime term of supervised release, and a special assessment. [DE 247, 257]. This sentence was within the advisory guideline range of 360 months to life. [DE 305, p. 34]. Petitioner appealed. In December 2016, the Fourth Circuit dismissed petitioner's challenges based on his prison sentence and affirmed the lifetime term of supervised release. [DE 326, 354].

In June 2018, petitioner filed a motion to vacate, amend, or correct his sentence under 28 U.S.C. § 2255. [DE 380]. He then filed a corrected Section 2255 motion. [DE 381]. Petitioner claims that (1) Judge Fox failed to explain the basis for imposing the 480-month sentence, (2) petitioner's sentence is disproportionate in relation to his co-defendants' sentences, (3) defense counsel was constitutionally ineffective due to a conflict of interest, and (4) defense counsel was ineffective at sentencing. [DE 381-1, p. 4–14]. Respondent moved to dismiss the Section 2255 petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 385, 386].

## DISCUSSION

The government argues that petitioner's Section 2255 petition must be dismissed for a variety of reasons. A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

2

Petitioner's first two claims must be dismissed because they have been waived. Petitioner first argues that Judge Fox failed to explain the basis for petitioner's sentence as required by 28 U.S.C. § 3553(c). Second, petitioner argues that his sentence is disproportionate to the sentences received by his co-defendants, none of whom received a sentence greater than 225 months. The government argues that petitioner waived his right to bring both of these claims. In his plea agreement, petitioner acknowledged that he could not challenge his sentence in a Section 2255 petition subject to exceptions which are inapplicable to these two claims. The Fourth Circuit relied on that waiver in dismissing petitioner's challenges to his sentence on direct appeal, noting that "the terms of [petitioner's] incarceration fall squarely within the scope of [his] waiver[] of appellate rights." [DE 326, p. 2]. Thus, petitioner's right to bring these first two claims was waived in his plea agreement and they must be dismissed.

Petitioner's third claim must also be dismissed. Petitioner argues that his defense counsel was constitutionally ineffective because counsel was "the father of an Assistant District Attorney (ADA) in Johnson County, North Carolina." [DE 381-1, p. 11]. That ADA, counsel's son, had previously prosecuted the defendant on other charges. *Id.* Counsel informed petitioner that he and the ADA "discussed the matter and felt there was no conflict," so "[petitioner and counsel] felt that they could proceed together." *Id.* Petitioner changed his mind at his sentencing hearing, however, when he felt that counsel "was ineffectively advocating on his behalf" by not addressing "proportionality issues" or "credit for time served" and by not "request[ing] a BOP placement recommendation by the court." *Id.* At the sentencing hearing, petitioner "concluded that [c]ounsel was hampered by his familial conflict of interest." *Id.*

Since *Strickland v. Washington*, 466 U.S. 668 (1984), in stating a claim for ineffective assistance of counsel under the Sixth Amendment, petitioner must show "that counsel's

3

performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When specifically alleging that counsel was ineffective due to a conflict of interest, petitioner must show "(1) that his lawyer was under 'an actual conflict of interest' and (2) that this conflict 'adversely affected his lawyer's performance.'" *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). "To establish an actual conflict of interest, [petitioner] 'must show that [his] interests diverged with respect to a material factual or legal issue or to a course of action.'" *Nicholson*, 475 F.3d at 249 (quoting *Gilbert v. Moore*, 134 F.3d 642, 652 (4th Cir. 1998) (en banc)).

The government argues that petitioner has not "established a situation where [counsel] was 'required to account to two masters,'" citing *Nicholson*. [DE 386, p. 6]. Petitioner relies on North Carolina Rule of Professional Responsibility 1.10, which addresses the imputation of conflicts to lawyers working at the same firm, to argue that the relationship between defense counsel and his son was "as (if not more) significant and powerful" as the relationship between lawyers at a law firm. [DE 381-1, p. 12]. But petitioner has not cited any squarely applicable rule of professional ethics, and has not met either prong of the standard articulated by the Fourth Circuit in *Nicholson*. Petitioner has not shown that there was any actual conflict between defense counsel's representation of petitioner at his sentencing hearing and the fact that his son, as ADA, had

4

previously prosecuted petitioner on separate charges. Petitioner has not stated any way in which counsel's "interests diverged with respect to a material factual or legal issue" from his own. Further, petitioner has not shown that counsel's decisions not to address "proportionality issues" or "issues such as credit for time served," or counsel's decision not to "request a BOP placement recommendation," were the product of a conflict of interest. Thus, petitioner has not stated an ineffective assistance of counsel claim upon which relief can be granted, and petitioner's third claim must be dismissed.

Petitioner's fourth claim must also be dismissed. First, petitioner argues that counsel was ineffective in not challenging drug weights attributed to petitioner on the basis of statements made by his co-defendants after petitioner pleaded guilty. [DE 381-1, p. 13]. Second, petitioner argues that counsel was ineffective in "touch[ing] on mitigating factors, but not in detail," arguing that counsel should have submitted a sentencing memorandum to emphasize the relevant mitigating factors. [DE 381-1, p. 14]. Petitioner has not alleged sufficient facts to satisfy the demanding *Strickland* standard. Counsel's conduct did not fall below the "wide range of reasonable professional assistance" described by the Fourth Circuit in *Roane*. Petitioner knowingly and voluntarily pleaded guilty, acknowledging that he could be sentenced to imprisonment up to the statutory maximum term. [DE 191, p. 6]. The fact that his defense counsel did not challenge certain drug weights attributed to petitioner did not render his plea unknowing or involuntary. At sentencing, counsel argued for a downward departure to 240 months' imprisonment. [DE 305, p. 28]. Counsel's decision not to submit a sentencing memorandum further emphasizing particular mitigating factors was not, therefore, "below an objective standard of reasonableness." Thus, petitioner's fourth claim for ineffective assistance of counsel does not satisfy *Strickland* and must be dismissed.

5

CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

CONCLUSION

For the above reasons, respondent's motion to dismiss [DE 385] is GRANTED, and petitioner's corrected Section 2255 motion [DE 381] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __1__ day of October, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE